## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 3925 | **DATE** | 8/26/08 |
| **CASE TITLE** | Crandall B. Williams (2008-0030967) vs. Walker, Jr.; et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for appointment of counsel [9] is denied without prejudice.

■[For further details see text below.]　　　　　　　　　　　　　　　　　　Docketing to mail notices.

## STATEMENT

　　　Plaintiff, Crandall B. Williams, an inmate at Cook County Jail, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his constitutional rights by serving him food that made him ill and ignoring some of his requests for medical treatment. Plaintiff moves for appointment of counsel.

　　　Plaintiff's motion for appointment of counsel is denied. Civil litigants do not have a constitutional or statutory right to counsel. *See Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, a district court may, in its discretion, "request an attorney to represent any person unable to afford counsel." *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004) (citing 28 U.S.C. § 1915(e)(1)); *Luttrell v. Nickel*, 129 F.3d 933, 936 (7th Cir. 1997). In deciding whether to appoint counsel, the Court must "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." *Gil*, 381 F.3d at 656 (quoting *Jackson v. County of McLean*, 953 F.2d 1070, 1072 (7th Cir. 1992)). If so, the Court must consider: (1) whether, given the degree of difficulty of the case, Plaintiff appears competent to try it himself; and (2) whether the assistance of counsel would provide a substantial benefit to the Court or the parties, potentially affecting the outcome of the case. *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007); *Gil*, 381 F.3d at 656.

　　　After considering these factors, the Court concludes that appointment of counsel is not warranted. First, Plaintiff has failed to show that he has made reasonable efforts to retain private counsel nor that he has been effectively precluded from making such efforts. *See Gil*, 381 F.3d at 656. In any event, although Plaintiff has articulated a colorable claim, he has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to his complaint. Plaintiff's case, at the present time, does not involve complex issues, complex discovery, or an evidentiary hearing. In addition, the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for appointment of counsel is denied without prejudice.